OPINION TO THE HOUSE OF REPRESENTATIVES.

JUNE 12, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

June 12, 1953

To the Honorable, the House of Representatives
of the State of Rhode Island and
Providence Plantations

We have received from the honorable house of repre-

sentatives a resolution requesting, in accordance with the provisions of section 2 of article XII of amendments to the constitution of this state, our written opinion upon a certain question of law. This question is stated as follows:

"In a constitutional convention called and approved by the electors in accordance with the provisions of chapter 2705 of the public laws, 1951, entitled 'An act to provide for calling a constitutional convention of the people of the state of Rhode Island and Providence Plantations for the purpose of amending the constitution',—

where delegates have been elected in accordance with the provisions of said act (including some delegates elected in accordance with the provisions of section 14 thereof),

where a quorum of such elected delegates has met on the date and at the place fixed in accordance with said act,

where some of the elected delegates have not attended and their seats have been declared vacant by the convention,

where the said elected delegates to the convention have elected to such vacancies persons in place of the absent elected delegates, which said persons possessed the same qualifications for candidacy for delegate as the elected delegate to whose place each was elected, and

where said persons so elected to fill said vacancies had voice and vote in the affairs of said convention,

are the amendments, approved by said convention and thereafter ratified and approved by the majority of the electors voting at a special election called for such purpose in accordance with the provisions of said act, entitled to force and effect as amendments to the constitution?"

It appears from our examination of the official records of the convention that ten of the elected members thereto were absent; that the convention thereupon voted to declare vacancies in the case of the members who were absent and had not qualified; and that the convention also voted to

substitute certain persons of its own selection to fill the vacancies in eight of those ten places.

Assuming that the convention was without power to declare a vacancy in the case of any duly elected member thereof and to substitute therefor a person of its own selection, it does not appear from the official records of the convention that the vote of any one of said substitutes was required for the favorable passage of any of the resolutions concerning the proposed amendments referred to in the question. In other words, if the votes of the eight substitutes, or even of all ten of the originally elected and absent members, are counted as being against the passage of all the resolutions submitting to the people the proposed amendments in question, none of such resolutions, according to the total of votes announced and recorded, would have failed of passage or have been materially affected thereby.

For that reason we are of the opinion that in the circumstances the above propounded question should be answered in the affirmative.

> Edmund W. Flynn
> Antonio A. Capotosto
> Hugh B. Baker
> Francis B. Condon
> Jeremiah E. O'Connell